Lipscomb, J.
The indorsement, though not under the seal of the court, would go to show that, in fact, the record, after it had been filed in this court, was returned to the office of the clerk, from whence it had been taken for the purpose of having tiie errors assigned in the office and making them a part of tiie record before'it was sent up again.
*144 It has been the practice of the court, where a record has been filed before the time required by law for filing it, to permit the party, plaintiff in error or appellant, on motiou, to withdraw it and to file another, if he wished to do so, .it any time before the expiration of the time within which it is required by law co be filed.
In this case it does not appear that the record was withdrawn by leave of the court, nor that it was afterwards filed within the time required by law. The only record of its being filed is of a date before the assignment of errors. The statute is explicit in requiring the errors to be assigned in the clerk’s office before taking out the transcript, and a copy of the assignment shall be attached to and form a part of the record. (Hart. Dig., art. 2940.)
If we could presume that the record in this case had been by leave of the court for the purpose of making the assignment of errors and attaching them to the record in the office of the clerk of the court, below, yet we have no evidence that the record was again filed before the district to which it belongs had been taken up in this eom*t. And it is required by law to.be filed before the day on which the district it belongs to is taken up. The motion to dismiss is sustained.
Appeal dismissed.